## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

ROBERT C. PHILLIPS,                          CIVIL DIVISION

                        Plaintiff,           No.

          v.

EAST LIBERTY ELECTROPLATING,
INC.,
                                             **JURY TRIAL DEMANDED**
                        Defendants.

### COMPLAINT IN CIVIL ACTION

AND NOW, comes Plaintiff Robert C. Phillips, by and through counsel Jason A. Archinaco, Esquire, Robert A. Bracken, Esquire, Michael A. O'Leary, Esquire and Archinaco/Bracken LLC and files the following Complaint in Civil Action and avers as follows:

### PARTIES AND NATURE OF THE ACTION

1.      Plaintiff, Robert C. Phillips, is a resident of the Commonwealth of Pennsylvania, with an address of 20 Wittmer Ct., Pittsburgh, PA 15237.  At all times relevant hereto, Plaintiff was an employee of Defendant.

2.      Defendant, East Liberty Electroplating, Inc. is a Pennsylvania corporation located at 1126 Butler Plank Road, Glenshaw, PA 15116.

3.       Plaintiff brings this action for damages under the Federal Labor Standards Act ("FLSA"), 29 U.S.C.§ 201, *et seq*., to recover unpaid overtime, and for such other relief as may be appropriate.

4.      Plaintiff also brings this action under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, to recover unpaid overtime, and for such other relief as may be appropriate.

5.      Plaintiff also brings this action under the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333.101, *et seq.*, to recover unpaid overtime, and for such other relief as may be appropriate.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and, for supplemental state claims, 28 U.S.C. §1367.

7.      Venue is appropriate in this Court under 28 U.S.C. § 1391 because the parties reside in this judicial district, do business therein, and the events giving rise to this Complaint arose in this judicial district.

## FACTUAL ALLEGATIONS

8.      Defendant is an "employer" within the meaning of the FLSA, WPCL and PMWA.

9.      Plaintiff is not exempt from the overtime provisions of the FLSA.

10.      Indeed, Plaintiff is a "blue-collar" worker and the FLSA exemptions do not apply.

11.      Employers are required by federal and state law to compensate each employee who works in excess of forty (40) hours in one 7-day workweek for all hours exceeding 40 at a rate not less than one and one-half times the regular rate at which the employee is employed, unless the employee is "exempt" from the overtime provisions of the applicable statutes.

12.     Plaintiff has been employed as a "plater" with Defendant for more than thirty (30) years.

13.     Plaintiff's primary job duty is plating; however, when instructed, Plaintiff also performs maintenance, electrical, plumbing and works other lines.

14.     Although he is entitled to overtime pay, Plaintiff has not been paid for his overtime work for more than four years.

15.     For example, Plaintiff's pay stubs reveal that he worked 125 hours of overtime in 2014, yet received no overtime pay.

16.     Plaintiff's pay stubs reveal that he worked 251 hours of overtime in 2015, yet received no overtime pay.

17.     Plaintiff's pay stubs reveal that he has worked 52 hours of overtime through June 4, 2016, yet has received no overtime pay.

18.     All other platers at the company are paid for their overtime work, yet Defendant unlawfully contends that because Plaintiff is paid salary rather than hourly Plaintiff is not entitled to overtime pay.

19.     With respect to Plaintiff, however, Defendant unlawfully provided him "comp time" whereby, for example, if Plaintiff worked ten hours of work in one week, he could take ten hours off the following week.

20.     Irrespective, the "comp time" is unlawful and, moreover, it did not even compensate Plaintiff at the time and one-half overtime rate.

21.     Plaintiff repeatedly asked his boss, Vince Kavloik, for an overtime rate and to be paid overtime.

22.    Plaintiff even showed Mr. Kavloik his paystubs, which demonstrated that he was not being paid for his overtime work.

23.    Rather than be paid for his overtime work, however, Mr. Kavloik and others made excuses claiming that the company could not figure out how to pay Plaintiff for his overtime work.

24.    Thus, despite the fact that Defendant was given notice by Plaintiff that he had not been receiving the full amount of overtime to which he was owed, Defendant refused to correct Plaintiff's overtime pay and continued to not pay Plaintiff the full amount of overtime to which he was entitled.

25.    As a result of Defendants' actions, Plaintiff was not being fully compensated for the full amount of overtime he worked.

26.    Defendants knew or should have known that their actions were unlawful.

27.    Defendant's failure to compensate Plaintiff for his work in excess of 40 hours per workweek at rates not less than one and one-half times the regular rate at which he was employed, was intentional and willful.

**COUNT I – FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME COMPENSATION**

28.    Paragraphs 1 through 27 are incorporated by reference as if the same were fully set forth herein.

29.    At all times relevant, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. §201, *et. seq*.

30.    At all times relevant, Defendant was an employer within the meaning of 29 U.S.C. §201, *et. seq*.

31.     Plaintiff is non-exempt within the meaning of the FLSA and is thus entitled to the benefits of the FLSA's overtime wage requirements.

32.     Pursuant to Section 206(b) of the FLSA, all employees must be compensated for every hour worked in a workweek.

33.     Section 207(a)(1) of the FLSA states that employees must be paid overtime equal to one and one-half times the employee's regular rate of pay for all hours worked in excess of 40 hours per week.

34.     As a consequence of Defendant's illegal practices set forth above, Plaintiff has been denied statutory overtime wages.

35.     Defendants' refusal to pay Plaintiff overtime wages and refusal to correct Plaintiff's pay when he repeatedly reported to his employer that he was not properly being paid overtime is a willful violation of the FLSA wage requirements.

36.     Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests relief to the fullest extent permitted by law including, but not limited to, unpaid overtime wages, liquidated damages, attorney's fees and costs pursuant to 29 U.S.C. §216(b) as well as the award of any and all damages Plaintiff is entitled to under applicable law.

## COUNT II – PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

37.     Paragraphs 1 through 36 are incorporated by reference as if the same were fully set forth herein.

38.     The overtime wages Plaintiff is owed constitute a wage within the meaning of the WPCL.

39.     The foregoing actions and/or omissions of Defendants constitute violations of the Pennsylvania Wage Payment and Collection Law, 43 Pa.C.S. § 260.1, *et seq.*

40.     Pursuant to 43 P.S. §§ 260.9 and 260.10, Plaintiff is entitled to payment of overtime wages that were not paid, liquidated damages in greater amount of $500 or 25% of the total amount of wages due, interest, and attorney's fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests relief to the fullest extent permitted by law including, but not limited to, unpaid wages, liquidated damages, interest, attorney's fees, costs and the award of any and all damages Plaintiff is entitled to under applicable law.

## COUNT III – PENNSYLVANIA MINIMUM WAGE ACT OF 1968

41.     Paragraphs 1 through 40 are incorporated by reference as if the same were fully set forth herein.

42.     The above-described actions of Defendants constitute a violation of the Pennsylvania Minimum Wage Act as outlined in 43 P.S. § 333.104(c), as Defendants have failed to properly pay Plaintiff overtime compensation.

43.     Pursuant to 43 P.S. § 333.113, Plaintiff is entitled to payment of overtime wages that were not paid as well as attorney's fees and costs.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests relief to the fullest extent permitted by law including, but not limited to, unpaid wages, liquidated damages, interest, attorney's fees, costs, and the award of any and all damages Plaintiff is entitled to under applicable law.

Date: 6-30-16

Respectfully submitted,

**ARCHINACO/BRACKEN LLC**

By

Jason A. Archinaco, Esq.
Robert A. Bracken, Esq.
Michael A. O'Leary, Esq.
1100 Liberty Avenue, Ste. C6
Pittsburgh, PA 15219
Tel. (412) 434-0555
Fax (888) 563-7549

*Counsel for Plaintiff*